1  MORGAN, LEWIS & BOCKIUS LLP
   JOSEPH DUFFY (SBN 241854)
2  jduffy@morganlewis.com
   TAYLOR C. DAY (SBN 267435)
3  tday@morganlewis.com
   300 South Grand Avenue
4  Twenty-Second Floor
   Los Angeles, CA  90071-3132
5  Tel:   213.612.2500
   Fax:   213.612.2501
6
7  Attorneys for Defendant
   ACURIAN, INC.

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11 | CASEY BLOTZER, individually, | Case No. CV13-03438-SVW (MANx) |
12 | and on behalf of all others similarly situated, | **[CLASS ACTION]** |
13 | | **DEFENDANT ACURIAN, INC.'S** |
   | Plaintiff, | **NOTICE OF MOTION AND** |
14 | | **MOTION TO DISMISS** |
   | vs. | **COMPLAINT** |
15 | | |
16 | ACURIAN, INC., and DOES 1 through 10, inclusive, and each of | Assigned to:  Honorable Stephen V. Wilson |
17 | them, | |
   | | Date:      August 5, 2013 |
18 | Defendants. | Time:      1:30 p.m. |
   | | Location: 6 |
19 | | |
   | | Complaint Filed:  May 14, 2012 |
20

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1        PLEASE TAKE NOTICE that on August 5, 2013, at 1:30 p.m. or as soon

2   thereafter as this matter may be heard in Courtroom 6 of the United States District

3   Court for the Central District of California, 312 N. Spring Street, Los Angeles,

4   California 90012, the Honorable Stephen V. Wilson presiding, Defendant Acurian,

5   Inc. ("Defendant") will, and hereby does, move the Court, pursuant to Federal Rule

6   of Civil Procedure 12(b)(6), for an Order to dismiss the Class Action Complaint

7   ("Complaint") filed by Plaintiff Casey Blotzer ("Plaintiff") because it fails to state a

8   claim against Defendant upon which relief can be granted.

9        Plaintiff's sole claim for violation of the Telephone Consumer Protection Act

10  ("TCPA") fails as a matter of law because Defendant's alleged conduct does not

11  constitute a viable claim under the TCPA.  A telephonic request seeking

12  participation in clinical medical trials that does not advertise the commercial

13  availability of any product or service — precisely the type of message Plaintiff

14  claims Defendant made here — falls outside the scope of advertising as defined by

15  the TCPA.

16       This motion is made following the conference of counsel pursuant to Local

17  Rule 7-3, which took place on June 25, 2013.  This motion will be based on this

18  Notice of Motion and Motion, the accompanying Memorandum of Points and

19  Authorities, [Proposed] Order, the Court's file in this case, and on all other matters

20  which may be judicially noticed or adduced at the hearing of this matter.

21

22  Dated:  July 2, 2013             MORGAN, LEWIS & BOCKIUS LLP

23

24                          By  /s/Taylor C. Day_____

25                            Joseph Duffy
                          Taylor C. Day

26                            Attorneys for Defendant
                          Acurian, Inc.

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Acurian, Inc. ("Defendant") hereby moves to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Casey Blotzer's ("Plaintiff") Class Action Complaint ("Complaint") alleging one cause of action for violation of the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227) because it fails to state a claim against Defendant upon which relief can be granted.

## I.   INTRODUCTION

Plaintiff's sole claim fails as a matter of law because the alleged calls at issue are not actionable under the TCPA.  The gravamen of Plaintiff's Complaint is that Defendant requested "Plaintiff's participation in medical studies in Plaintiff's area relating to back pain."  (*See* Complaint, ¶ 9.)  However, such a request for participants in clinical medical trials falls outside the scope of advertising as defined by the TCPA.  *See Ameriguard, Inc. v. Univ. of Kan. Med. Ctr. Research Inst., Inc.*, No. 06-0369-CV-W-ODS, 2006 WL 1766812, at *1 (W.D. Mo. June 23, 2006) (holding that a message "announcing the existence of a clinical drug trial" and seeking "individuals willing to serve as test subjects" did not constitute an advertisement under the TCPA), aff'd, 222 Fed. Appx. 530 (8th Cir. 2007); *see also Phillips Randolph Enters., LLC v. Adler-Weiner Research Chi., Inc.*, 526 F. Supp. 2d 851, 853 (N.D. Ill. 2007) (holding that a message which promoted "a research study" did not constitute an advertisement under the TCPA).  Accordingly, there is no viable TCPA claim and this Court should grant Defendant's motion to dismiss.

## II.   SUMMARY OF RELEVANT ALLEGATIONS

Plaintiff is a citizen of California who alleges that in or around February 2013, she was contacted on her residential home telephone by Defendant using a pre-recorded message.  (Complaint, ¶¶ 8–9.)  Plaintiff specifically alleges (at ¶ 9) that the message "invit[ed] Plaintiff to contact Defendant soliciting Plaintiff's participation in medical studies . . . relating to back pain."

According to the Complaint, Defendant "placed no less than two . . . such

telephone calls to Plaintiff's residential home telephone leaving" these messages. (*Id.* at ¶ 10.)  Plaintiff alleges that she "is not a customer of Defendant," has never provided any personal information to Defendant, and has never "purchased or used any goods or services" of Defendant.  (*Id.* at ¶ 11.)  With respect to the nature of the calls, Plaintiff alleges that they were placed by Defendant using an "automatic telephone dialing system" and that the messages used an "artificial or prerecorded voice." (*Id.* at ¶¶ 13–14.)  Plaintiff further alleges that the calls were not for an emergency purpose.  (*Id.* at ¶ 15.)

## III.  **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

Dismissal pursuant to Rule 12(b)(6) is proper where, like here, there is a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotations omitted).  As clarified by the Supreme Court, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Nor will a pleading suffice if it simply tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id*. at 557.  Conclusory allegations are "disentitle[d] . . . to the presumption of truth," *Iqbal*, 556 U.S. at 681; instead, the facts pled must "plausibly" show that each element of plaintiff's claims is met.  *See, e.g.*, *Frey v. Novartis Pharm. Corp.*, 642 F. Supp. 2d 787, 795 (S.D. Ohio 2009).

## IV.    PLAINTIFF'S TCPA CLAIM FAILS AS A MATTER OF LAW

As the recent flood of TCPA litigation has revealed, not all pre-recorded calls made to a residential telephone violate the Act.  With that in mind, Plaintiff does not allege that Defendant's messages encouraged her to buy anything.  Nor does Plaintiff allege that Defendant's messages encouraged her to engage in any future transactions to purchase its goods or services.  Instead, the Complaint hinges delicately on Plaintiff's allegation that Defendant sought "Plaintiff's participation in medical studies."  (*See* Complaint, ¶ 9.)  But as other courts have already recognized, such allegations are insufficient to constitute a violation of the TCPA as a matter of law.  *See Ameriguard*, 2006 WL 1766812, at *1; *Phillips*, 526 F. Supp. 2d at 853; *see also Friedman v. Torchmark Corp.*, No. 12-CV-2837, 2013 WL 1629084, at *1, 4–5 (S.D. Cal. Apr. 16, 2013) (pre-recorded calls inviting the plaintiff to attend a "recruiting webinar" where he could learn about the defendant's "products and services in order to sell said products and services" constituted neither unsolicited advertisements nor telephone solicitations because they were "not aimed at encouraging Plaintiff to engage in future commercial transactions with Defendant to purchase its goods").

### A.    Calls That Do Not Promote a Commercial Product or Service Fall Outside the Scope of the TCPA

The TCPA provides, in pertinent part:

> It shall be unlawful for any person within the United
> States . . . to initiate any telephone call to any residential
> telephone line using an artificial or prerecorded voice to
> deliver a message without the prior express consent of the
> called party, unless the call is initiated for emergency
> purposes or is exempted by rule or order by the [Federal
> Communications] Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(B).

Section 227(b)(2)(B) of the TCPA provides that the Federal Communications Commission ("FCC") may exempt non-commercial calls and "such . . . calls made for commercial purposes as . . . (I) will not adversely affect the privacy rights that this section is intended to protect; and (II) do not include the transmission of any unsolicited advertisement." *Id.* § 227(b)(2)(B).  Pursuant to its delegated authority, the FCC has exempted from the general prohibition on automated commercial calls those that both "do[ ] not include or introduce an unsolicited advertisement or constitute a telephone solicitation."  47 C.F.R. § 64.1200(a)(2)(iii) (2011) (amended 2012); *see also* In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 18 FCC Rcd. 14014, 14095 ¶ 136, 2003 WL 21517853 (F.C.C. July 3, 2003) (explaining that "messages that do not seek to sell a product or service do not tread heavily upon the consumer interests implicated by [TCPA] section 227").[1]

Under the TCPA, the term "'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."  47 U.S.C. § 227(a)(5).  The term "telephone solicitation" is defined by the TCPA as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  *Id.* § 227(a)(4).

---

[1] The FCC's interpretation of the TCPA should be accorded deference, as it is the agency to which the statute explicitly delegates interpretive authority.  *See* 47 U.S.C. § 227(b)(2); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952–54 (9th Cir. 2009) (affording deference to the FCC's interpretation in a TCPA action).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

**B.** **Plaintiff Has Not Alleged Facts That Constitute a Violation of the TCPA**

    1.     Requests to Participate In Medical Studies Are Not "Unsolicited Advertisements"

The alleged calls Plaintiff complains of invited her to "participat[e] in medical studies." (*See* Complaint, ¶ 9.)  In other words, Plaintiff's TCPA claim rests solely on the allegation that she received an informational message about the existence of an opportunity to participate in a clinical medical study — precisely the same type of claim that was dismissed by the United States District Court for the Western District of Missouri in *Ameriguard, Inc. v. University of Kansas Medical Center Research Institute, Inc.*, 2006 WL 1766812.

In *Ameriguard*, the complaint alleged that the defendant sent a fax announcing the existence of a clinical drug trial for diabetes and seeking individuals willing to participate in the study.  *Id.* at *1.  The plaintiff, in response to the defendant's motion to dismiss, argued that the invitation for people to obtain information about diabetes prevention qualified as "commercial availability" of the defendant's goods, thereby making the fax an "unsolicited advertisement" in violation of the TCPA.  *Id.*  The *Ameriguard* court disagreed; holding that the fax did not constitute an advertisement because it did "not announce Defendant is providing or otherwise has available goods, services, or property."  *Id.*

In finding that the fax "did not suggest anything 'commercial,'" the *Ameriguard* court stated that the plaintiff's complaint did "not allege Defendant sells medication directly to the public," nor was there any suggestion in the complaint that the defendant "included the call for volunteers as a smokescreen to mask a true purpose of engaging in the commercial activity of providing information or selling medicine."  *Id.*  Accordingly, the *Ameriguard* court dismissed the plaintiff's TCPA claim because the fax was not an "unsolicited advertisement" — a holding that was later affirmed by the Eighth Circuit.  *See id.*; *see also* 222 Fed. Appx. 530 (8th Cir. 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

The rationale employed in *Ameriguard* was similarly adopted in *Phillips Randolph Enterprises, LLC v. Adler-Weiner Research Chicago, Inc.*, 526 F. Supp. 2d 851 (N.D. Ill. 2007). In *Phillips*, the putative class action complaint alleged that the defendants transmitted a fax inviting recipients to attend a "research discussion" on a healthcare program. *Id.* at 852–53. The plaintiff asserted that the fax fell within the scope of the TCPA because it (i) advertised a "service" and (ii) served as a pretext to advertise commercial products and services. *Id.* at 853. The *Phillips* court disagreed. *Id.* With respect to plaintiff's "service" argument, the court held that "the fax does not promote a 'commercially available service,' but a research study." *Id.* (citing *Ameriguard*). In other words, a free research study or clinical trial does not constitute a "service" under the TCPA. *See id.* As for the plaintiff's pre-textual argument, the court stated that "the complaint does not allege that the fax was a pretext to an advertisement" because "[t]here are no additional allegations addressing whether defendants advertise any products or services at those [research] discussions, or that defendants are in the business of advertising products or services in those discussions." *Id.* On that basis, the *Phillips* granted the defendants' motion to dismiss. *Id.*

Just like the communications in *Ameriguard* and *Phillips*, the alleged calls at issue here fall outside the scope of the TCPA. As with *Ameriguard*, Defendant's alleged messages to Plaintiff sought her participation in medical studies. (*See* Complaint, ¶ 9.) There is no allegation in the Complaint that the messages promoted a "commercially available service" — nor could there be — as the alleged messages concerned a free clinical medical study. Just as in *Ameriguard*, there is no allegation here that Defendant sold any medication or other products or services directly to the public. And like *Phillips*, the Complaint does not allege that the messages were a pretext to an advertisement or were part of an overall marketing campaign to sell its products or services. On that basis, Defendant's alleged calls do not constitute an "unsolicited advertisement" because they did not

advertise the commercial availability of any product or service.  *See* 47 U.S.C. § 227(a)(5); *see also Friedman*, 2013 WL 1629084, at *4 (telephone calls inviting the plaintiff to attend a recruiting webinar were "akin to an offer of employment" and therefore did not constitute unsolicited advertisements).

2.     Defendant's Alleged Calls to Plaintiff Do Not Constitute "Telephone Solicitations"

For a message to be a "telephone solicitation," the TCPA requires that the call be made "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services."  47 U.S.C. § 227(a)(4).  The Ninth Circuit has construed this language to mean that the messages were made for the purpose of encouraging the listener to engage in future commercial transactions with the caller to purchase property, goods, or services.  *See Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 919 (9th Cir. 2012).

Here, Plaintiff only alleges that the messages invited her to learn more about, and possibly participate in, medical studies.  (*See* Complaint, ¶ 9.)  Because Plaintiff fails to allege that the messages encouraged the purchase of property, goods, or services, her TCPA claim fails as a matter of law.  *See Friedman*, 2013 WL 1629084, at *5 (calls inviting the plaintiff to attend a recruiting webinar to learn about the defendant's products to potentially sell them did "not constitute telephone solicitations because they were not made for the purpose of encouraging the purchase of property, goods, or services").

///
///
///
///
///
///
///

## V.     __CONCLUSION__

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint without leave to amend on the grounds that it fails to state a claim.

Dated:  July 2, 2013                              MORGAN, LEWIS & BOCKIUS LLP


By  /s/Taylor C. Day
    Joseph Duffy
    Taylor C. Day
    Attorneys for Defendant
    Acurian, Inc.