KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
2700 North Main Street, Suite 1000
Santa Ana, CA 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

HYDE & SWIGART
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Attorneys On Signature Page]

*Attorneys for Plaintiff,*
Casey Blotzer

FILED
2013 JUL 15 PM 2:37
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ______

Kazerouni Law Group, APC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY BLOTZER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACURIAN, INC., and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. 13-CV-03438-SVW-MAN<br><br><u>CLASS ACTION</u><br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.<br><br><br><br><u>DEMAND FOR JURY TRIAL</u> |

## INTRODUCTION

1. CASEY BLOTZER ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of ACURIAN, INC. ("Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's landline telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012

Kazerouni Law Group, APC

WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5. The Ninth Circuit recently affirmed certification of a TCPA class case similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

**JURISDICTION & VENUE**

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in this judicial district and the harm to Plaintiff occurred in this judicial district, and Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California as it conducts business there.

**PARTIES**

8. Plaintiff is a natural person residing in California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

9. Defendant, Acurian, Inc. ("Defendant"), is a nationwide enrollment and retention company that recruits individuals nationwide for medical trials and testing, and is a "person" as defined by *47 U.S.C. § 153 (39)*. According to Defendant's own website, "[s]ince 1998, Acurian has supported over 450 protocols for more than 110 companies worldwide. In fact, Acurian was rated as the No. 1 patient recruitment company by trial sites in a 2009 Readex Research survey." Additionally, "Acurian has recruited and enrolled

thousands of patients for more than 60 pharmaceutical and biotech companies representing over 4,500 research sites."

10. At all time alleged herein, Defendant was acting on behalf of, or at the direction of, an undisclosed entity.

## FACTUAL ALLEGATIONS

11. Beginning in or around February of 2013, Defendant contacted Plaintiff on her residential home telephone number ending in 7299, in an effort to sell or solicit its services.

12. Specifically, Defendant placed telephone calls to Plaintiff's home telephone utilizing a pre-recorded message inviting Plaintiff to contact Defendant soliciting Plaintiff's participation in a medical study in Plaintiff's area relating to back pain.

13. Since February of 2013, Defendant has placed no less than two (2) such identical automated telephone calls to Plaintiff's residential home telephone leaving messages as described above.

14. Plaintiff is not a customer of Defendant, has never provided any personal information, including her home telephone number, to Defendant for any purpose whatsoever, nor has Plaintiff purchased or used any goods or services offered by Defendant at any time prior to the filing of the Complaint in this action.

15. Defendant is in the business of recruiting enrollment for medical studies on behalf of commercial companies, including large pharmaceutical companies, providing and selling this service through a results-based pricing scheme.

16. Plaintiff is informed, believes and thereon alleges, that Defendant was acting on behalf of, or under the direction of, an undisclosed "large pharmaceutical company."

17. Plaintiff is informed, believes and thereon alleges, that the purpose of such calls was to secure the enrollment of Plaintiff into clinical studies so that

Defendant could receive monetary compensation for its efforts by the undisclosed entity that hired Defendant to place the solicitation calls.

18. Defendant's telephone calls were a smokescreen, masking their true purpose of acquiring new customers and increasing their own revenue from the undisclosed entity from whom Defendant receives monetary compensation for acquiring test subject and potential customers in an expeditious manner.

19. Defendant's purpose and language of the prerecorded voice messages is geared towards acquiring new customers for the undisclosed company, which in turn creates more revenue and economic benefit for Defendant, thus serving as a commercial pretext.

20. Furthermore, Plaintiff has had her home telephone number ending in 7299 continuously registered with the National Do Not Call Registry since February 13, 2011.

21. Defendant and/or its undisclosed principles, agents, employers, employees and subsidiaries make information relating to medical problems commercially available to the public.

22. Defendant's prerecorded voice messages, serve as a pretext to advertise, not only the medical study referred to in the call, but also any other studies and services Defendant and/or the undisclosed entity offers.

23. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

24. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25. These calls made by Defendant to Plaintiff's landline telephone utilized an artificial or prerecorded voice (*see* 47 U.S.C. § 227(b)(1)(B)).

26. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(B).

27. Plaintiff did not provide Defendant or its agent prior express consent to receive calls to her landline telephone utilizing an ATDS, pursuant to 47 U.S.C. § 227 (b)(1)(B).

28. These telephone calls by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1)(B).

29. These telephone calls by Defendant, or its agent, also violated 47 U.S.C. § 227(c).

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed Class One (hereafter the "Class One") defined as follows:

> All persons within the United States who received any telephone call/s seeking the called party's participation in a medical study from Defendant or its agent to said person's landline telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filling of the Complaint.

31. Plaintiff also brings this action on behalf of herself and all others similarly situated, as a member of the proposed Class Two (hereafter the "Class Two") defined as follows:

> All persons within the United States who received at least two telephone calls within a 12-month period seeking the called party's participation in a medical study from Defendant or its agent to said person's landline telephone number that had previously been registered with the National Do Not Call Registry, and who had not maintained a business relationship with Defendant within eighteen (18) months of receiving Defendant's calls, within the four years prior to the filing of the Complaint.

32. Class One and Class Two are collectively referred to hereafter as the "Classes."

33. Plaintiff represents, and is a member of, the Classes. Defendant, its employees and agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the members of the Classes number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

34. The members of Class One and Class Two are so numerous that the individual joinder of all of its members is impractical.

35. Plaintiff alleges that the members of the Classes are ascertainable from the records maintained by Defendant and through public notice.

36. Plaintiff and members of Class One were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the members of the Class via their landline telephones thereby causing invading the privacy of said Plaintiff and the Class members. Plaintiff and the members of the Classes were damaged thereby.

37. Plaintiff and members of Class Two were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class Two members via their landline telephones despite Plaintiff and the Class Two having invoked their rights afforded by the National Do Not Call Registry to be free of unwanted telemarketing calls at their private residences, thus invading the privacy of said Plaintiff and Class Two members.

38. Common questions of fact and law exist as to all members of the Classes, which predominate over any questions affecting only individual members of the Classes. These common legal and factual questions, which do not vary between members of the Classes, and which may be determined without

Kazerouni Law Group, APC

reference to the individual circumstances of any member of the Classes, include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of the Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class One member using any automatic telephone dialing system or an artificial or prerecorded voice to any landline telephone number;
b. Whether, within the four years prior to the filing of the Complaint, Defendant made at least two sales or solicitation calls (other than a call made for emergency purposes or made with the prior express consent of the called party) within a 12-month period to any Class Two member who had registered his or her telephone on the Do Not Call Registry and who did not have a business relationship with Defendant within eighteen (18) months prior to receiving said calls;
c. Whether Plaintiff and the members of the Classes were damages thereby, and the extent of damages for such violation; and
d. Whether Defendant should be enjoined from engaging in such conduct in the future.

39. As a person who received at least one call using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of Class One. Plaintiff will fairly and adequately represent and protect the interests of the Class in the Plaintiff has no interests antagonistic to any member of the Class.

40. As a person who received at least two sales/solicitation calls from Defendant within a 12-month period on a landline telephone number registered with the

Do Not Call Registry and who had no previous business relationship with Defendant, Plaintiff is asserting claims that are typical of Class Two.

41. Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions under the Telephone Consumer Protection Act.

42. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all members of the Classes is impracticable. Even if every member of the Classes could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Classes.

43. The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Classes not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class One and Class Two members to protect their interests.

44. Defendant has acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

45. Plaintiff anticipates providing notice to the members of Class One and Class Two by direct mail notice and internet website.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

[AGAINST CLASS ONE ONLY]

46. Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

48. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and Class One members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiff and the Class One members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

[AGAINST CLASS ONE ONLY]

50. Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

52. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and Class One members are entitled to an award of

$1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

53. Plaintiff and the Class One members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

### [AGAINST CLASS TWO ONLY]

54. Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

56. As a result of Defendant's violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class Two members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

57. Plaintiff and the Class Two members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### FOURTH CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

### [AGAINST CLASS TWO ONLY]

58. Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

59. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

60. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and Class Two members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

61. Plaintiff and the Class Two members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and Class One members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

### [AGAINST CLASS ONE ONLY]

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff seeks for herself and each Class One member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

### [AGAINST CLASS ONE ONLY]

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff seeks for herself and each Class One member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

///

Kazerouni Law Group, APC

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

Wherefore, Plaintiff further respectfully requests the Court grant Plaintiff and Class Two members the following relief against Defendant:

## THIRD CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

## [AGAINST CLASS TWO ONLY]

- As a result of Defendants' violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class Two members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5)(B); and
- Pursuant to 47 U.S.C. 227(c)(5), injunctive relief prohibiting such conduct in the future; and
- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

## [AGAINST CLASS TWO ONLY]

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff seeks for herself and each Class Two member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5);
- Pursuant to 47 U.S.C. 227(c)(5), injunctive relief prohibiting such conduct in the future; and
- Any other relief the Court may deem just and proper.

///

## TRIAL BY JURY

62. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 15, 2013

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ______________________
Abbas Kazerounian
Attorneys for Plaintiff

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
Nicholas J. Bontrager, Esq. (SBN: 252114)
nbontrager@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys for Plaintiff*

Kazerouni Law Group, APC

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business Address is 369 S. DOHENY DR. #415 BEVERLY HILLS, CA 90211.

On July 15, 2013, I served the following document(s) described as: **Plaintiff's FIRST AMENDED COMPLAINT**, on all interested parties in this action by placing:

[X] a true copy
[ ] the original thereof enclosed in sealed envelope(s) addressed as follows:

MORGAN, LEWIS & BOCKIUS LLP
JOSEPH DUFFY (SBN 241854)
jduffy@morganlewis.com
TAYLOR C. DAY (SBN 267435)
tday@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132

[X] **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above. I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X] **BY MAIL:** I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] STATE -- I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 15, 2013, at BEVERLY HILLS, California.

By: ______________________
Nicholas J. Bontrager